DECISION
This matter is before the Court on Defendant Kent County Memorial Hospital's Motion to Compel a Further Response to its Third Request for Production. Specifically, Kent County Memorial Hospital (Hospital) is attempting to obtain a notebook, prepared by Stephanie M. O'Brien, after she discussed the case with an attorney. Mrs. O'Brien contends the notebook is work-product protected by the provisions of Super. R. Civ. P. 26(b)(3).
At a deposition, Mrs. O'Brien testified that she prepared a notebook shortly after she met with an attorney. She testified that she prepared the document at the suggestion of her mother and had not reviewed it recently. The attorney that she met with submitted an affidavit to the Court. He indicates that he routinely counseled clients to prepare notebooks, but he apparently does not recall whether he did so with Mrs. O'Brien. *Page 2 
The United States Supreme Court recognized the attorney work-product privilege in Hickman v. Taylor, 329 U.S. 495, 91 L.Ed. 451, 67 S.Ct. 385
(1947). The privilege protects the work of an attorney from being disclosed, where the work was done during litigation or in anticipation of it. Fortunately, Rhode Island has codified our rule into the Rules of Civil Procedure:
 (3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivisions (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
 * * * Super. R. Civ. P. 26(b)(3).
The rule makes clear that documents prepared by a party, as well as those prepared by counsel, are protected from disclosure. This leaves two issues: whether the document was prepared "in anticipation of litigation" and whether the hospital has made a showing that it "has substantial need of the materials." Super. R. Civ. P. 26(b)(3).
 In Anticipation of Litigation
Neither party has clearly established that the documents were prepared in anticipation of litigation.[1] Mrs. O'Brien testified that she prepared the notebook at her mother's suggestion, *Page 3 
presumably to keep her recollection fresh.
Plaintiff's counsel directs the Court to Maine v. Department ofInterior, 298 F.3d 60 (C.A. 1, 2002) which discusses a variety of cases including United States v. Adlman, 134 F.3d 1194 (C.A. 2, 1998).Adlman considered whether documents need to be disclosed if they were created for dual purposes, that is, if a document was created in anticipation of litigation and for other business purposes. Following other circuits, the Court held that the standard should not be what the "primary" purpose for preparing the document was, but to whether the document was "prepared or obtained because of the prospect of litigation." Id. at 1202 (emphasis added).
Mrs. O'Brien never submitted evidence that even the prospect of litigation caused her to create the notebook. She failed to clearly establish that she prepared the notebook in anticipation of litigation.[2]
 Substantial Need
The rule further requires disclosure only when it would be a hardship to obtain the documents elsewhere. This burden is on the party seeking disclosure, and it is not a requirement which will be ignored. Even where the documents are unique, such as surveillance films, a showing should be made. The mere existence of such [surveillance] materials alone does not constitute a showing of undue hardship to overcome qualified immunity under Rule 26(b)(2). Cabral v. Arruda, 556 A.2d 47
(R.I. 1989) (citations deleted). *Page 4 
 Conclusion
Here, while Mrs. O'Brien has failed to clearly establish that the notebook was prepared in anticipation of litigation, the Hospital has completely failed to establish a substantial need for the notebook. In fact, neither party appears to know what the notebook contains, and specifically whether it contains information which is unavailable otherwise. It is the Hospital's burden to show the need.
 We addressed the work-product privilege in the civil context in Fireman's Fund Insurance Co. v. McAlpine, 120 R.I. 744, 391 A.2d 84 (1978). In that case, we stated that the party seeking production has the burden of showing that a denial of production or inspection will result in an injustice or undue hardship. The ultimate determination of that issue is vested in the sound discretion of the trial justice. Id. at 754, 391 A.2d at 90; Von Bulow, 475 A.2d at 1011.
Practically speaking, this is a high burden for the party seeking disclosure. If a privileged document cannot be viewed, how can a party claim the unviewed document has unique information within it? Out of an abundance of caution, and even though the Hospital has not yet established substantial need, an in camera review will be conducted by the Court. See State v. Kholi, 672 A.2d 429 (R.I. 1996); State v.Holmes, 715 A.2d 576 (R.I. 1998) which encourage the use of in camera reviews for other types of confidential records. This may assist the Court in determining whether the document was prepared in litigation.
Accordingly, the motion to compel is granted as follows: The notebook shall be produced to the Court for review by this Justice on or before August 1, 2008, so that the Court may understand any relevant issues in the action. The Hospital may submit memoranda to the Court prior to August 1, 2008, so the Court may be assisted in knowing what, if anything, it should search for in its review of the notebook. The in camera review will be conducted after August 1, 2008. Counsel shall submit an Order consistent with this Decision.
[1] This burden of proof, initially, rests upon Mrs. O'Brien as she asserted the privilege. "The burden of establishing the existence of the attorney-client privilege rests on the party seeking to prevent disclosure of protected information." Rosati v. Kuzman, 660 A.2d 263,265 (R.I. 1995), citing State v. von Bulow, 475 A.2d 995, 1105, 1011
(R.I. 1984). As the First Circuit has said in the case cited by Mrs. O'Brien, "At a minimum an agency seeking to withhold a document . . . must identify the litigation for which the document was created. . . . and explain why the work-product privilege applies to all portions of the document." Maine v. Dept. of Interior, 298 F.3d 60 (C.A. 1, 2002) citing Church of Scientology International v. U.S. Dept. ofJustice, 30 F.3d 224, 237 (C.A. 1, 1994).
[2] Plaintiff's counsel relies on the deposition testimony of Mrs. O'Brien and an affidavit from a prior attorney. They reveal that Mrs. O'Brien started the notebook shortly after meeting with counsel. Counsel urges the Court to infer that the notebook was prepared in anticipation of litigation. If Mrs. O'Brien truly prepared it at her attorney's direction or because of the likelihood of suit, she could have submitted an affidavit saying so directly and explicitly. *Page 1